UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN MOSER,                                       No. 09-11945

                    Debtor(s).
_____/

BRAD FARMER, et al.,

                    Plaintiff(s),

      v.                                      A.P. No. 09-1126

JOHN MOSER,

                    Defendant(s).
_____/

Tentative Decision re Issue Preclusion
_____

       In 2004, Debtor and Defendant John Moser borrowed $200,000.00 from plaintiffs Brad Farmer and Gar Bailey. The note Moser signed was supposed to be secured by two properties, including a second position lien on 219 Brannan Street, Unit 12A, San Francisco, California. However, the title officer who prepared the deed of trust neglected to attach the legal description of the Brannan Street property.

       In 2005, Moser refinanced the property by borrowing $653,000.00 from Long Beach Mortgage

1

Company. Plaintiffs' lien did not appear on the title report, so Long Beach Mortgage received what it believed to be a first deed of trust. Subsequently, Moser gave another lender a junior deed of trust on the Brannan Street property along with junior deeds of trust on other properties Moser owned.

In early 2007, Moser sold the Brannan Street property for $780,000.00. Long Beach Mortgage was paid in full, and the holder of the second agreed to take the balance in return for reconveyance of its deed of trust. Moser got nothing from the sale.

In 2009, a bench trial was held in the Superior Court of California, County of San Francisco. The state court issued a proposed statement of decision holding that plaintiffs' deed of trust was defective and did not impart constructive notice of their lien to the two subsequent lenders. It also went on to find that "Moser actively concealed the [2007] sale of the Brannan Street Property from Farmer/Bailey and/or prevented Farmer/Bailey from discovering the sale . . . and that Moser's concealment of the sale was a substantial factor in causing Farmer/Bailey harm." This latter finding has caused considerable grief in this adversary proceeding, as it appears patently wrong. Plaintiffs have spent a considerable time trying to force this square peg into a round hole to justify a claim that their claim is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.

The state court correctly concluded that plaintiffs' deed of trust was defective and did not impart notice to Long Beach Mortgage and the other deed of trust holder. If this was the case, then concealment of the 2007 sale from plaintiffs could not have caused harm to plaintiffs because even had they known about the sale there was *nothing they could have done*. Long Beach Mortgage had already given value in reliance on the fact that it would have a senior lien. The new junior deed of trust holder as well. Because the decision of the state court is internally inconsistent, the court declines to give it preclusive effect as to the issue of Moser's fraud, even if it is otherwise proper to give it such effect.

This does not mean that Moser's debt to plaintiffs is necessarily dischargeable. However, it means that focus must shift to what Moser knew when he allowed the Long Beach Mortgage escrow to close. If he knew then that a mistake had been made and intentionally took advantage of it rather than

2

mention plaintiffs' deed of trust, then their claims against him may be nondischargeable due to fraud or larceny or intentional conversion of their collateral. These are the proper issues in this case, not whether the 2007 sale was concealed.

    The court does not decide these issues at this time. It issues this memorandum to direct the attention of the parties to the earlier transactions and not the 2007 sale and to explain why the court will not give preclusive effect to the state court findings of fraud. These findings, and the resulting confused argument of plaintiffs, have already turned a half-day trial into a 3-day marathon of irrelevant facts and tortured logic.

Dated; September 10, 2010

                                        Alan Jaroslovsky
                                        U.S. Bankruptcy Judge