**Entered on Docket
May 18, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN MOSER,                                                  No. 09-11945

                                      Debtor(s).
_____/

BRAD FARMER, et al.,

                                      Plaintiff(s),

      v.                                                                      A.P. No. 09-1126

JOHN MOSER,

                                        Defendant(s).
_____/

Memorandum on Motion to Limit Judgment Amount
_____

     Defendant John Moser is an amoral sort. Discovering that a title company made a mistake, he happily kept extra escrow proceeds rather than point out the error. The court had no difficulty finding that he converted plaintiffs' collateral and his debt to them is accordingly nondischargeable.

     Plaintiffs Brad Farmer and Gar Bailey are an entirely different sort. Not content with the prospect of being made whole, they are doing everything in their power to turn the situation into a windfall. They attempted to withhold information regarding a settlement with a joint tortfeasor, they

1

have objected to admission of their own exhibits when they realized that the exhibits belied their lame argument for excluding evidence of the settlement, and now they are refusing to give Moser credit for over $107,000.00 in payments he made to them, which had the effect of reducing the amount due under the contract to an amount lower than the tort measure of damages.

It is generally within the discretion of the court to opt for either a tort measure of damages or a contract measure when fixing damages in a dischargeability proceeding; the goal of the court is to fashion the remedy best suited to the harm. *In re Aguino*, 99 B.R. 436, 438 (9th Cir. BAP 1989). In this case, because there was no wrongdoing in the inducement to make the loan, the court found that a tort measure of damages is appropriate. However, the amount of damages should not exceed the contract damages, or else the plaintiffs would receive a windfall. The court finds it is appropriate to cap the damages at $144,249.00, the amount due under the loan agreement at the time of the last tort. The court will accordingly grant Moser's motion and determine that the maximum damages in this case are $144,249.00, plus appropriate interest from February 16, 2007, less other credits the court may find applicable and plus any attorneys' fees and costs the court may determine plaintiffs are entitled to recover..

The court finds that this matter is well within the ambit of the stipulation of the parties to reserve certain damages issues to post-trial motions. However, if it were not, the court would exercise its discretion to re-open the trial before it would arrive at the unjust result plaintiffs seek.

For the foregoing reasons, Moser's motion will be granted. An appropriate order will be entered.

Dated: May 18, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2