UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN MOSER,                                          No. 09-11945

                            Debtor(s).
_____/

BRAD FARMER, et al.,

                            Plaintiff(s),

     v.                                                  A.P. No. 09-1126

JOHN MOSER,

                            Defendant(s).
_____/

Final Memorandum After Trial
_____

       The court has already issued its factual findings in this case and only summarizes them here. Plaintiffs Brad Farmer and Gar Bailey are hard-money lenders. They made a loan of $200,000.00 to debtor and defendant John Moser, to be secured by a deed of trust to Moser's commercial property. The escrow officer handling the loan escrow made a mistake which resulted in Plaintiffs' deed of trust being unperfected. Moser discovered this mistake when he received an unexpectedly large check out of a subsequent refinancing escrow. Succumbing to the temptation, Moser kept and used the money

1

though he kept making payments to Farmer and Bailey.

These are fairly common facts, and often (but not always) result in a nondischargeable debt. See, e.g., *U.S. Life Title Insurance Company of Dallas v. Kisich (In re Kisich),* 28 B.R. 401 (9th Cir. BAP 1983); *Rainier Title Company v. Demarest,* 176 B.R. 917 (Bkrtcy.W.D.Wash 1995); *Fidelity National Title Company v.Duncan (In re Duncan),* 2009 WL 3734100 (Bkrtcy.N.D.Cal. 2009); *First American Title Company v. Lett (In re Lett),* 238 B.R. 167 (Bkrtcy.W.D.Mo. 1999). *Greater Illinois Title Company v. Terranova (In re Terranova),* 310 B.R. 509 (Bkrtcy.N.D.Ill. 2003).

Typically in the cases the court was familiar with, the title company that made the mistake paid the insured party and then sued the debtor in its own name to establish a nondischargeable debt. This case was unusual in that the plaintiffs were the original lenders, not the title company. When the court asked plaintiffs' counsel why his clients had not been paid by Ticor Title Company, counsel responded that there had been a settlement between his clients and Ticor but that it was "confidential." Only when the court insisted did Farmer and Bailey admit that they had been paid $400,000.00 from Ticor.

Since the unpaid balance of their note was less than $150,000.00, the court asked why Farmer and Bailey had not been made whole. Counsel for plaintiff responded that the "collateral source rule" meant that his clients could fully recover from Moser without applying the huge payment from Ticor. This sounded crazy to the court, which then researched the issue. The court opined that the payment seemed that of a joint tortfeasor rather than an insurance payment, but if it was the latter then the collateral source rule did not apply because it was not wholly independent from Moser. The court pointed out that at least one of plaintiffs' own exhibits, placed in a binder and submitted to the court, clearly showed that the title insurance was part and parcel of the loan transaction and Moser, as is the custom, paid for it. Plaintiffs' counsel then objected to admission of *his own exhibit* and refused to admit it was a true copy of the escrow papers until the court re-opened the trial.

The $400,000.00 payment from Ticor has been something of a moving target for the court. After the evidence shot holes in their "collateral source rule" argument, Farmer and Bailey first argued

2

that they could recover twice for the same loss because Moser's conduct was intentional while Ticor had only been negligent and then that they were the successor in interest in Ticor's claims against Moser and could recover even though they did not plead anything of the sort and indeed sought to his Ticor's losses from the court. The court finds no merit with either argument.

Under California law, double recover is barred for the same wrong. "Only one complete satisfaction is permissible, and if partial satisfaction is received from one, the liability of the others will correspondingly be reduced." 6 Witkin, *Summary of California Law* (10th Ed.), Torts § 1550. Farmer and Bailey confuse the law of contribution with the single recovery rule. Had Farmer and Bailey recovered fully from Moser he could not seek contribution from Ticor. That in no way entitles Farmer and Bailey to recover twice. None of the cases and statutes they cite in any way calls for a different result.

As the court has noted, Farmer and Bailey at first sought to keep Ticor's payment a secret from the court. Having been outed, and their other arguments having holes in them, Farmer and Bailey now argue that as part of their settlement they became the successor in interest to Ticor's rights and now assert them. The problem with this argument, aside from it being not pleaded and the active concealment of the settlement from the court, is that there is no evidence to support it. The settlement says only that "To the extent that the Court has awarded plaintiffs any judgment against John Moser, plaintiffs shall retain the rights to that judgment." There is absolutely nothing in the settlement which assigns Ticor's rights against Moser to Farmer and Bailey. The court accordingly finds that Farmer and Bailey are not entitled to assert Ticor's rights against Moser. That right presumably disappeared when Ticor failed to bring a timely nondischargeability action against Moser.

The court agrees with Farmer and Bailey that they are entitled to recover their attorneys fees incurred in having to litigate in state court over the validity of their deed of trust. The court agrees with Moser that the amount of those fees (($313,473.29 in fees and $32,019.61 in costs) is unreasonable. However, they were incurred as a proximate cause of Moser having converted their

3

collateral, so the court sees no way to limit them in the absence of any evidence that they were not legitimately incurred. However, there is no basis in the law for Farmer and Bailey to recover their attorneys fees in this adversary proceeding, as the court awards them judgment solely on the basis of tort for converting their collateral and not on the note or other contract.

Where attorney's fees provision is broad enough, a prevailing party may be entitled to attorneys' fees in a successful action, even if the recovery is based in tort. *3250 Wilshire Boulevard Bldg. v. W. R. Grace & Co.*, 990 F.2d 487, 489 (9th Cir. Cal. 1993), citing *Lerner v. Ward*, 13 Cal. App. 4th 155 (Ct. App. 1993); *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338 (Ct. App. 1992), rev. denied, 1992 Cal. LEXIS 2447 (Cal. 1992). California Code of Civil Procedure § 1021 provides, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." The Ninth Circuit concluded that this California law permits recovery of attorney's fees by agreement, for tort as well as contract actions. *3250 Wilshire Boulevard Bldg.*, at 489. Accordingly, the Court must look to the agreement to determine whether a party may recover attorneys' fees.

Here, the language of the note specifies that attorneys' fees are recoverable "if action be instituted on this note." Farmer and Bailey argue that this language is sufficiently broad to encompass tort claims as well as contract claims. In making this argument, Farmer and Bailey equate the language of the note, "if action be instituted *on this note*" to "if civil action is instituted *in connection with* this agreement," (*Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1277 (Cal. App. 2d Dist. 2007)) and "in the event legal action is instituted, … or *arising out of* the execution of this agreement or the sale" (*Santisas v. Goodin*, 17 Cal. 4th 599, 607 (Cal. 1998)). In the *Cruz* and *Santisas* cases, the court held that the language *in connection with* and *arising out of* the agreement was broad enough to include tort causes of action.

4

Here, however, the language, *on the note* encompasses a much narrower definition. As opposed to the *Cruz* and *Santisas* language, *on the note* does not provide leeway to be construed as encompassing a tort *in connection with* or *arising from* the *agreement*. The California Supreme Court held that a tort action for fraud arising out of a contract is not an action "on a contract" within the meaning of Cal. Civ. Cod. § 1717. *Stout v. Turney*, 22 Cal. 3d 718, 730 (Cal. 1978). Further, the Ninth Circuit, recognizing that the Ninth Circuit has given a liberal scope to the requirement that an action be "on the contract," stated that "a tort action for fraud arising out of a contract is not an action on a contract." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1340, n.16 (9th Cir. Cal. 1986). Accordingly, Farmer and Bailey may not recover attorneys fees from the State Court Action based on any agreement to allow for attorneys' fees for tort actions under CCP § 1021.

For the foregoing reasons, as well as those set forth in prior memoranda, the court will award Farmer and Bailey $144,249.00, plus prepetition fees and costs incurred in the state court litigation of $345,492.90, less a credit of $400,000.00 for the Ticor settlement, for a net balance of $89,741.90 plus interest thereon at the federal legal rate from February 16, 2007, until the date of entry of judgment.

However, the court finds that Farmer and Bailey acted in bad faith and with a motivation to harass Moser and thwart the interests of justice by objecting to documents which they themselves had included in their trial binder and submitted to the court. This required the court to re-open discovery and trial and forced Moser to subpoena witnesses to authenticate the documents. The court will order Farmer and Bailey to reimburse Moser for $4,000.00 in attorneys fees and cost associated with their bad faith conduct. Further, the court finds that a mere credit against the judgment is insufficient to do justice, and will accordingly stay all enforcement of the judgment by Farmer and Bailey until 20 days after they have paid these sanctions to Moser's counsel.

This memorandum, together with the previous memoranda issued by the court after the initial trial, constitute the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel

for Moser (whom the court trusts more than counsel for Farmer and Bailey to accurately and fairly draft) shall submit an appropriate form of judgment forthwith.

Dated: July 9, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge