UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN MOSER, No. 09-11945

                                Debtor(s).
_____/

BRAD FARMER, et al.,

                                Plaintiff(s),

        v.                                               A.P. No. 09-1126

JOHN MOSER,

                                Defendant(s).
_____/

Memorandum on Motion to Alter or Amend Judgment
_____

   In its Memorandum of July 9, 2011, the court made the following finding:

> The court agrees with Farmer and Bailey that they are entitled to recover their attorneys fees incurred in having to litigate in state court over the validity of their deed of trust. The court agrees with Moser that the amount of those fees (($313,473.29 in fees and $32,019.61 in costs) is unreasonable. However, they were incurred as a proximate cause of Moser having converted their collateral, so the court sees no way to limit them in the absence of any evidence that they were not legitimately incurred.

   Defendant John Moser has asked for the judgment against him to be altered, as the court

1

cannot award unreasonable attorneys' fees as damages. Reluctant as it is to revisit this ugly case, the court sees that it must reconsider the award of attorneys' fees and clarify its thinking.

First of all, the word "unreasonable" was a poor choice. A better choice is "extraordinary." If Farmer and Bailey are to be believed, they spent over half a million dollars pursuing an unpaid note with a balance owing of $144,000.00. While this is not *per se* unreasonable, it certainly raises the eyebrows.

Secondly, the court sees that it did not ask the right questions at trial and improperly shifted the burden of proof. The court found that Farmer and Bailey were entitled to recover their prepetition attorneys' fees as damages, as they were thrust into litigation over the validity of their deed of trust by Moser's conversion of their collateral. The plaintiffs had the burden of proving their damages, so the burden was on them to show that they were legitimately incurred, not on Moser to show that they were not. Accordingly, the court replaces the above finding with the following:

> The court agrees with Farmer and Bailey that they are entitled to recover their attorneys fees incurred in having to litigate in state court over the validity of their deed of trust. The court agrees with Moser that the amount of those fees (($313,473.29 in fees and $32,019.61 in costs) is extraordinary. However, if they were legitimate legal costs actually incurred as a proximate cause of Moser having converted their collateral, Farmer and Bailey have a right to recover them as damages.

The key factor for the court, overlooked at the prior hearing, was whether Farmer and Bailey actually paid the attorneys' fees they say they incurred. If they can actually produce cancelled checks or other evidence that they paid the legal fees, that will be enough to show the court that they should recover the fees regardless of the high amount. On the other hand, evidence that they did not actually pay the billed fees will call their legitimacy into question and require the court to give them much closer scrutiny to adjudicate their reasonableness.

For the foregoing reasons, in addition to amending its findings the court will <sigh> reopen the trial on the issue of reasonableness of state court attorneys' fees assessed as damages. Counsel for Moser shall submit an appropriate order which counsel for Farmer and Bailey has approved as to form, and shall also notice a new scheduling conference.

1  Dated: September 26, 2011

   Alan Jaroslovsky
   U.S. Bankruptcy Judge

3

Case: 09-01126   Doc# 113   Filed: 09/26/11   Entered: 09/26/11 13:05:47   Page 3 of 3